IN THE MATTER OF THE APPLICATION OF THE CENTRAL RAILROAD COMPANY OF NEW JERSEY FOR A SUMMARY DETERMINATION AS TO CERTAIN LANDS IN BAYONNE, WHICH HAVE BEEN ASSESSED BY THE LOCAL AUTHORITIES OF THE TAXING DISTRICT OF BAYONNE, AND ALSO ASSESSED BY THE STATE BOARD OF ASSESSORS AS PROPERTY USED FOR RAILROAD PURPOSES.

Submitted June Term, 1904—Decided November 7, 1904.

Lands owned by a railroad company adjacent to the main right of way ánd reasonably necessary or convenient for the purposes of a railway, or used incidentally for such purposes and not actually used for other purposes, are only subject to the special taxation imposed by the state board of assessors. *New Jersey Junction Railroad Co.* v. *Jersey City,* 34 *Vroom* 120, followed.

---

On application for summary determination of the character of certain property assessed in Bayonne.

Before Justices FORT, PITNEY and REED.

For the railroad company, *George Holmes* and *William A. Barkalow.*

For the state board of assessors, *Robert H. McCarter,* attorney-general.

For the city of Bayonne, *Thomas F. Noonan.*

The opinion of the court was delivered by

FORT, J. The proof in this case leaves no room for controversy. The property taxed is practically all covered with sidings, used by the railroad company for storing coal until the cars are taken to the Port Johnson docks to be discharged. The land in question lies immediately adjoining the main stem of the railroad, and the tracks upon it are connected with the main stem by the bulkhead line of the bridge landing over the Newark bay. The land is described upon the city map of the city of Bayonne as Block 459, lot 1½, and thus it has been assessed by both the city and the state board of assessors as containing one and fifty-six one hundredths of an acre.

An examination of the map in evidence, and a full review of all the evidence in the cause, establishes that practically the whole of the land in question is covered by the railroad tracks of the defendant. It is possible that there is room for two more tracks along the south side of the property, but it is clear that the premises in question are not assessable for taxes by the local assessor, but by the state board of taxation.

The case at bar is not distinguishable from *New Jersey Junction Railroad Co.* v. *Jersey City,* 34 *Vroom* 120.

The taxes brought up by the writ will be set aside.